UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CRIMINAL ACTION NO. 13-39-DLB-CJS-13

UNITED STATES OF AMERICA                                                            PLAINTIFF

v.                                                    **ORDER**

REKO BROWN                                                                          DEFENDANT

\*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Reko Brown's *pro se* Motion for Termination of Supervised Release (Doc. # 686). The United States filed a Response (Doc. # 687), Defendant did not reply, and the Motion is ripe for review. For the following reasons, the Motion will be **denied**.

I.      FACTUAL AND PROCEDURAL BACKGROUND

On August 28, 2014, Defendant pled guilty to conspiracy to distribute and possess with intent to distribute cocaine base in violation of 28 U.S.C. § 846. (Doc. # 364). Defendant was sentenced to 132 months of imprisonment to be followed by six (6) years of supervised release. (Doc. # 412). Defendant completed his term of imprisonment, and his supervised release commenced on September 9, 2022. On September 23, 2025, Defendant filed the instant Motion requesting early termination of his supervised release. (Doc. # 686). The United States filed a Response (Doc. # 687), Defendant did not reply, and the Motion is ripe for review.

II.     ANALYSIS

"Supervised release is part of a sentence." *United States v. Krul*, 774 F.3d 371,

374 (6th Cir. 2014).  However, "[a] court 'may' terminate a term of supervised release at any time after the expiration of one year of supervised release, if the action is warranted by the conduct of the defendant and is in the interests of justice." *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002) (citing 18 U.S.C. § 3583(e)(1)).  "Additional factors to consider are enumerated at 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6)." *Id*.

"Early termination of supervised release is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances-such as exceptionally good behavior." *Atkin*, 38 F. App'x at 198.  "In other words, early termination is not warranted as a matter of course." *United States v. Givens*, Criminal Action No. 5:14-074-DCR, 2022 WL 2820081, at *1 (E.D. Ky. July 19, 2022) (internal quotation marks omitted).  Indeed, this Court has observed that—

> Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination.  Similarly, productive employment, while laudable, does not justify the termination of supervision.  At base, unblemished conduct following release from [Bureau of Prisons'] custody cannot be a sufficient reason to terminate supervised release since, if it were, the exception would shallow the rule, *i.e*., diligent service of the full period of supervised release imposed at sentencing.

*Id*. (cleaned up and internal quotation marks and citations omitted).

As the basis for his Motion, Brown submits that he has not violated the law or his conditions of supervised release, has made "significant strides in [his] rehabilitation," and has "established a stable network of support in [his] community."  (Doc. # 686).  Brown submits that his compliance and progress is grounds for early termination of his supervised release and that termination will allow him to "continue [his] positive trajectory and reintegrate fully into society."  (*Id*.).

2

In its Response, the United States acknowledges that Defendant has not had any violations. (Doc. # 687 at 3). However, the United States nevertheless objects to early termination on the grounds that Defendant has not demonstrated "exceptionally good behavior" and that, after speaking with the United States probation Office ("USPO"), "there are outstanding questions and concerns regarding his employment, finances, and community service." (*Id*.).

Although Brown has served more than three years of his supervised release, he has not shown that termination is warranted under the circumstances. Brown's compliance with the law and the terms of his supervised release is what is expected of him. Additionally, his engagement with rehabilitation and community support, while commendable, does not warrant early termination. Moreover, the concerns raised by the USPO surrounding his employment, finances, and community services does not demonstrate "exceptionally good behavior." *Atkin*, 38 F. App'x at 198.

### III.   CONCLUSION

Accordingly, **IT IS ORDERED** that Brown's *pro se* Motion for Termination of Supervised Release (Doc. # 686) is **DENIED**.

This 15th day of October, 2025.

Signed By:
David L. Bunning
Chief United States District Judge

3